**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JACQUELYN MOORE, a/k/a Jacquelyn
Secatero,

    Defendant - Appellant.

_____

FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

No. 24-2161
(D.C. No. 1:23-CR-01351-KWR-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Jacquelyn Moore appeals her sentence, arguing the district court clearly erred in finding she intended to cause bodily injury when she drove a vehicle into a group of women. Based on this finding, the court applied a four-level sentencing enhancement under United States Sentencing Guideline ("U.S.S.G.") § 2A2.2(b)(2)(B). Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

### A.  *Factual History*[1]

On July 18, 2023, Jane Doe and others were standing outside the To'hajolliee Chapter House in Navajo Nation.  Multiple individuals saw Ms. Moore driving a vehicle slowly toward the group.  She revved her engine, picked up speed, and drove over a concrete barrier.  The vehicle hit Ms. Doe and pinned her to a wall, causing the loss of her leg.  By one account, Ms. Moore drove directly at the group.

After hitting Ms. Doe, Ms. Moore exited the vehicle.  Witnesses prevented her from fleeing, and she fell to the ground.  Visibly intoxicated, she laughed and said, "I'm going to get all your people," which a witness perceived as a threat.  Ms. Moore later told police she had consumed a pint of vodka, did not remember the incident, and may have blacked out from intoxication.

### B.  *Procedural History*

Ms. Moore pled guilty to one count of assault resulting in serious bodily injury in Indian country in violation of 18 U.S.C. §§ 1153 and 113(a)(6).  The Presentence Investigation Report ("PSR") applied a four-level enhancement under U.S.S.G. § 2A2.2(b)(2)(B) for use of the vehicle as a dangerous weapon.  Ms. Moore objected, arguing she "lacked the specific intent to commit bodily injury."  ROA, Vol. I at 15-16.  The district court overruled the objection, finding that Ms. Moore "intended to cause

---

[1] The district court adopted the undisputed Presentence Investigation Report facts.

bodily harm with a dangerous weapon, the car, and was not merely reckless." ROA, Vol. IV at 16. The court varied upward from the Guidelines range of 37 to 46 months and sentenced her to 60 months in prison. Ms. Moore timely appealed.

## II. DISCUSSION

We affirm. The district court did not clearly err in finding that Ms. Moore intended to cause bodily injury.

### A. *Standard of Review*

We review the district court's finding of intent for clear error. *See United States v. Porter*, 928 F.3d 947, 965 (10th Cir. 2019) (reviewing factual finding that defendant did not have intent to cause bodily injury for clear error); *United States v. Craig*, 808 F.3d 1249, 1255 (10th Cir. 2015) (reviewing factual findings in applying Guidelines for clear error). "A factual finding is clearly erroneous only if [it] is without factual support in the record or if, after reviewing all the evidence, we are left with a definite and firm conviction that a mistake has been made." *Craig*, 808 F.3d at 1255 (alteration in original) (quotations omitted). We "view the evidence and inferences drawn therefrom in the light most favorable to the district court's determination." *Porter*, 928 F.3d at 962 (quotations omitted).

### B. *Intent under § 2A2.2(b)(2)(B)*

Section 2A2.2(b)(2)(B) provides for a four-level sentencing enhancement if "a dangerous weapon . . . was . . . used." It applies in "a case involving a dangerous weapon with intent to cause bodily injury." *Id.* § 2A2.2 cmt. n.3. The government must prove by

a preponderance of the evidence that the enhancement applies. *United States v. Zamora*, 97 F.4th 1202, 1207 (10th Cir. 2024).

In finding intent, the district court followed *United States v. Dayea*, 32 F.3d 1377 (9th Cir. 1994), in which the Ninth Circuit said that § 2A2.2(b)(2)(B) requires intentional and not merely reckless conduct to find "intent to injure [the] victim." *See id.* at 1380-81. It determined no enhancement was warranted because the defendant acted only recklessly by driving while intoxicated, crossing the center line of a highway, and hitting two oncoming cars. *Id.* at 1378-80.

We lack definitive Tenth Circuit precedent on § 2A2.2(b)(2)(B)'s intent requirement, but we have suggested that a high risk of inflicting injury may be sufficient. In *United States v. Jones*, 332 F.3d 1294 (10th Cir. 2003), we said, "[n]othing in . . . 2A2.2 . . . requires that the defendant have the *specific intent* to use the dangerous weapon; rather, the Guidelines simply suggest that the instrumentality must be used in such a way that it presents a high risk of inflicting injury." *Id*. at 1306 n.18. In *United States v. Washington*, 552 F. App'x 827 (10th Cir. 2014) (unpublished) (cited as persuasive under Fed. R. App. P. 32.1(A) and 10th Cir. R. 32.1), we said defendant's use of a bat to strike two people "certainly demonstrate[d] a high risk of inflicting injury" and "[n]othing more was required" to apply § 2A2.2(b)(2)(B). *Id.* at 832.

## C. *Analysis*

"[V]iew[ing] the evidence and inferences . . . in the light most favorable to the district court's determination," *Porter*, 928 F.3d at 962 (quotations omitted), we conclude the record supports a finding that Ms. Moore's conduct was intentional or high risk, not

4

merely reckless.  *Dayea*, 32 F.3d at 1381.  Because the district court's finding of intent to cause bodily injury has "factual support in the record," it did not clearly err in applying the § 2A2.2(b)(2)(B) enhancement.  *Craig*, 808 F.3d at 1255 (quotations omitted).

Based on the PSR's undisputed facts,[2] the district court found that Ms. Moore drove "slowly towards the chapter house" and then "revv[ed] her engine, picking up enough speed to hop a concrete parking block and then smash[ed] her car into the chapter house wall where four woman [sic] were standing conversing."  ROA, Vol. IV at 15.  A witness described that Ms. Moore drove directly at the women when she sped up.  This conduct supports a finding that Ms. Moore intended to cause bodily injury.  *See United States v. Woody*, 55 F.3d 1257, 1274-75 (7th Cir. 1995) (upholding a § 2A2.2(b)(2)(B) enhancement when defendant "operate[d] his vehicle in a dangerous and violent manner" and "intentionally accelerated directly toward" and struck an officer).[3]  Ms. Moore's attempt to flee and "yelling perceived threats" after the incident further supports her intent to cause bodily injury.  ROA, Vol. IV at 15.[4]

---

[2] "At sentencing, the court . . . may accept any undisputed portion of the presentence report as a finding of fact."  Fed. R. Crim P. 32(i)(3)(A).

[3] *See also United States v. Garcia*, 34 F.3d 6, 10-11 (1st Cir. 1994) (affirming district court's finding of intent to cause bodily harm because defendant "aimed his car straight at" the officers, which "certainly supported the inference that [defendant] intended to cause serious bodily harm").

[4] Ms. Moore argues the district court should not have considered her history of drunk and reckless driving and the severity of Ms. Doe's injuries.  But even if these facts do not "pertain to [her] intent," Aplt. Br. at 10-12, the court's reliance on the undisputed PSR facts was sufficient.  Also, even though the district court did not quote Ms. Moore's

Ms. Moore argues she acted only recklessly because, in her "state of intoxication and confusion, she may not have been aware that anyone was standing [there] . . . and she may not even have intended to speed up." Aplt. Br. at 12. Although that may be a plausible interpretation, so too is the inference that she intentionally drove into the group to injure them. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985).

### III.  CONCLUSION

The district court did not clearly err. We affirm.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

precise threat listed in the PSR, it accurately stated, based on the PSR, that she was "yelling perceived threats." ROA, Vol. IV at 15.